UNEMPLOYMENT COMPENSATION COMMISSION ET AL. v. O. T.
KIRBY ET AL.

(Filed 5 January, 1938.)

Courts § 2b—Where statute creating state commission does not provide for appeal from its decisions, no appeal lies.

The Superior Court has no jurisdiction to hear an appeal from the determination by the Unemployment Compensation Commission of the liability of an employer for contributions under the act, ch. 1, Public Laws, Extra Session 1936, since the act does not authorize an appeal, but the Superior Court is without authority to dismiss the proceeding, but should only dismiss the appeal.   Whether the Unemployment Compensation Commission is authorized to conduct hearing and to determine liability of employers for contributions, *quære.*

APPEAL by plaintiff from *Bone, J.,* at October Term, 1937, of PERSON.

Proceeding before Unemployment Compensation Commission to determine liability of respondents for contributions under ch. 1, Public Laws, Extra Session 1936.

From finding and determination that respondents are subject to the provisions of the act (amounts not in dispute, if liability exists), the respondents appealed to the Superior Court of Person County.

His Honor held that he was without jurisdiction to entertain the appeal (as no appeal in such cases is provided in the act, and the parties have not agreed that the attempted appeal may be treated as return to *certiorari*) and dismissed the proceeding, taxing each side with one-half the costs.

From this ruling the Unemployment Compensation Commission appeals, assigning error.

*Adrian J. Newton, general counsel, and J. C. B. Ehringhaus, Jr., assistant counsel for plaintiff, appellant.*

*No counsel appearing for defendant.*

STACY, C. J. Whether the Unemployment Compensation Commission is authorized to conduct hearings and to determine the liability of employers for contributions under ch. 1, Public Laws, Extra Session 1936, is not before us for decision. Conceding, without deciding, that such authority exists, the statute is silent upon the subject of any appeal from such determination. His Honor, therefore, was correct in holding that he was without jurisdiction to entertain the appeal. His reasoning is sound, but he inadvertently went beyond his authority in dismissing the proceeding. He should have dismissed the appeal and left it there.

The cases cited by appellant, *Higdon v. Light Co.*, 207 N. C., 39, 175 S. E., 710, and *S. v. Carroll*, 194 N. C., 37, 138 S. E., 339, are inapplicable, as they deal with statutes providing for appeal without prescribing the procedure. Here no appeal is authorized.

Modified and affirmed.