MRS. J. B. McGILL, MOTHER OF DECEASED EMPLOYEE; V. R. McGILL, AND J. D. BRIDGERS, NEPHEW, v. TOWN OF LUMBERTON, EMPLOYER; AND MARYLAND CASUALTY COMPANY, CARRIER.

(Filed 16 June, 1939.)

1. **Master and Servant § 40a—**

In order for the death of an employee to be compensable it must result from an injury by accident arising out of and in the course of the employment. Public Laws of 1929, ch. 120, sec. 2 (j) (f).

2. **Master and Servant § 52b—Evidence of violent death raises prima facie case that death resulted from an accident.**

Where the dependents of a deceased employee show that his death resulted from a bullet wound, such showing raises a *prima facie* case only of death by accident, placing upon the employer the burden of going forward with evidence to show that the employee killed himself within the exemption or forfeiture under sec. 13, ch. 120, Public Laws of 1929.

3. **Master and Servant § 55d—**

Where it appears that the Industrial Commission has found the facts under a misapprehension of the law the cause will be remanded for findings by the Commission upon consideration of the evidence in its true legal light.

BARNHILL, J., dissenting.

SCHENCK and DEVIN, JJ., concur in dissent.

APPEAL by claimants from *Sinclair, J.,* at December Term, 1938, of ROBESON.

Proceeding under the North Carolina Workmen's Compensation Act for compensation on account of the death of V. R. McGill, chief of police of the town of Lumberton.

The hearing commissioner made findings of fact, pertinent portions of which are substantially these:

The body of V. R. McGill, chief of police of the town of Lumberton, was found on 18 November, 1936, in a room in the town building. He died as the result of a wound in the head inflicted by a bullet fired from a pistol owned by him. "No persons that might have murdered the chief of police have been indicted or apprehended." The death of the deceased did not arise out of or in the course of his employment, nor did the deceased suffer injury by accident arising out of and in the course of his employment resulting in his death.

Upon these findings the commissioner concluded as a matter of law: "Those claiming compensation under the provisions of the Workmen's Compensation Law are required to prove to the satisfaction of the Industrial Commission among other things an injury by accident arising out of and in the course of the employment before compensation can be awarded and if death results must prove that the death resulted from an injury by accident arising out of and in the course of the employment. After resolving every doubt in favor of the claimants in this case, we are of the opinion that the burden has not been sustained." Compensation was denied and in accordance therewith an award issued.

The Full Commission, on appeal thereto, in opinion rendered, states: "The actual cause of the death of . . . deceased . . . is unknown. However, there is a substantial amount of evidence in the record that he committed suicide." Then, after adverting to the decision in *West v. Fertilizer Co.*, 201 N. C., 556, 160 S. E., 765, the opinion continues: "In the instant case, as expressed above, the Full Commission recognizes the fact that a police officer is exposed to peculiar danger; however, the evidence is clear that the shooting of the plaintiffs' deceased occurred in the day time, which does not in the opinion of the Full Commission present a presumption that he sustained an injury by accident arising out of and in the course of his employment as is held in the case of night watchmen where they are found at a place where they are expected to be, even though the motive of the assailant is unknown."

Thereupon, the Commission affirms the findings of fact, conclusions of law and the award of the hearing commissioner, and denies compensation, all of which was sustained on appeal to the Superior Court.

From judgment in accordance therewith, claimants appeal to the Supreme Court and assign error.

*F. Ertel Carlyle and McLean & Stacy for plaintiffs, appellants.*

*W. C. Ginter and Varser, McIntyre & Henry for defendants, appellees.*

WINBORNE, J. Is there error in the judgment below? We are constrained to hold that there is.

As used in the North Carolina Workmen's Compensation Act, "The term 'death' as a basis for the right of compensation means only death resulting from an injury," and " 'injury' means an injury by accident arising out of and in the course of employment . . ." Public Laws 1929, ch. 120, sec. 2 (j) (f). *Harden v. Furniture Co.,* 199 N. C., 733, 153 S. E., 728; *Plemmons v. White,* 213 N. C., 148, 195 S. E., 370.

"The condition antecedent to compensation is the occurrence of an injury (1) by accident (2) arising out of and (3) in the course of employment." *Conrad v. Foundry Co.,* 198 N. C., 723, 153 S. E., 260; *Plemmons v. White, supra,* and cases there cited.

The Workmen's Compensation Act, sec. 13, also provides in part that: "No compensation shall be payable if the injury or death was occasioned . . . by the willful intention of the employee to injure or kill himself . . ." and that "the burden of proof shall be upon him who claims an exemption or forfeiture under this section." Public Laws 1929, ch. 120.

Evidence of violent death, unexplained, suggests accident rather than suicide. *Warren v. Ins. Co., ante,* 402, 2 S. E., 2d, 17; *Gorham v. Ins. Co.,* 214 N. C., 526, 200 S. E., 5.

While the burden of proof is upon those claiming compensation throughout to prove death of employee resulting from injury by accident arising out of and in the course of his employment, when evidence of violent death is shown, they are entitled at least to the benefit of the inference of accident from which, nothing else appearing, the Commission may find, but is not compelled to find, the fact of death resulting from injury by accident, a constituent part of the condition antecedent to compensation, injury by accident arising out of and in the course of employment. In other words, this inference is sufficient to raise a *prima facie* case as to accident only. Then if employer claims death of employee is by suicide, the statute places the burden on him to go forward with proof negativing the factual inference of death by accident. See *Warren v. Ins. Co., supra.*

In the case in hand claimants are entitled to have the Industrial Commission, in finding the facts, consider the evidence in the light of these legal principles. It appears that this has not been done.

Facts found under misapprehension of the law will be set aside on the theory that the evidence should be considered in its true legal light. *S. v. Fuller,* 114 N. C., 886, 19 S. E., 797; *S. v. Casey,* 201 N. C., 620, 161 S. E., 81. The principle is also applied in *Tickle v. Hobgood,* 212 N. C., 763, 194 S. E., 474; *Bullock v. Williams,* 213 N. C., 320, 195 S. E., 791; *Farris v. Trust Co., ante,* 466, 2 S. E., 2d, 363.

The case is remanded to the end that the North Carolina Industrial Commission, applying the legal principles here declared, may proceed to findings of fact and a determination of the claim in accordance with prescribed practice.

Error and remanded.

BARNHILL, J., dissenting. The deceased was last seen alive about 9:30 or 10:00 a.m., and his body was found about 6:00 o'clock p.m. When found he was in a uniform and the pistol he usually carried was in his holster. He died from a pistol shot wound, the bullet having entered at the root of the nose, ranging backward and downward. His body was found in a small room in the city hall building of the town of Lumberton. The door to the room was equipped with a Yale lock which automatically locked the door when it was closed, and the door was closed and locked and the windows were closed and locked. The door could not be opened from the outside except with a key.

The deceased was found about the center of the room with his feet near a chair and there was a revolver, which was ordinarily kept in a box nailed in the window on the east side of the building, lying at his feet.

The facts in this case are such that I find it impossible to agree with the majority. I do not consider *Warren v. Ins. Co., ante,* 402, authoritative, except as to the point that evidence of death by violent means is *prima facie* evidence of death by accident. In that case plaintiff was suing on the double indemnity provisions of a life insurance policy, which included a clause excluding death by suicide. As the plaintiff was only required to make out a *prima facie* case of death by violent means evidence of violent death was sufficient for that purpose. As the defendant sought to avoid liability under the exclusion clause the burden then shifted to it to show suicide. Here plaintiff was required to show more than an injury by accident resulting in death. He must show that the injury arose out of and in the course of employment. While the evidence tending to show that deceased died from a pistol shot wound is *prima facie* evidence of accident, it raises no other presumption and does not relieve the plaintiffs of the burden of showing that such injury also arose out of and in the course of his employment. This they have failed to do.

Nor do I think that ch. 120, sec. 13, Public Laws 1929, is pertinent on the particular facts in this case. Plaintiffs must first show that the deceased suffered an injury arising out of and in the course of employment which caused death before any burden rests upon the defendant to go forward and undertake to avoid liability on the plea that such injury was willfully inflicted. Until a *prima facie* case of liability is made

out the issue as to the willful intention of the employee to injure or kill himself does not arise. Until there is evidence of liability there is nothing from which the defendant need undertake to exempt itself or to prove a forfeiture of the right to an award.

Negligence cases are analogous. As in those cases the defendant is not put to proof of contributory negligence until there is first established a *prima facie* case of negligence, so, here, the defendant is not put to proof of an allegation that the injury resulting in death was willfully inflicted until there is first a *prima facie* case established tending to show that the deceased suffered an injury by accident arising out of and in the course of his employment.

Even so, while the Commission did not use direct language to that effect, it is clear from this record that the Commission in fact placed the burden on the defendant much more heavily than the law requires. The last sentence in that part of the opinion of the hearing Commissioner quoted in the majority opinion, to wit: "After resolving every doubt in favor of the claimants in this case we are of the opinion that the burden has not been sustained," clearly indicates that the defendant was required to remove from the minds of the Commission every doubt as to the right of the plaintiffs to recover.

While all the evidence tends to show that the deceased suffered an injury by accident resulting in his death and that such injury was received in the course of his employment—that is, in the daytime, when he was ordinarily on active duty—there is no evidence tending to show that the accident arose out of his employment. In the *Warren* case the burden did not shift to the defendant to establish its affirmative defense until after the plaintiff had first made out a *prima facie* case. In this proceedings the burden does not shift until the claimants have first offered evidence which at least established a *prima facie* right of recovery. The evidence in the case cannot be construed as establishing a *prima facie* cause of action unless we hold that mere evidence that the deceased died from a pistol shot wound is evidence not only of accidental death, but is also evidence that he suffered such injury by accident which arose out of and in the course of his employment.

Under these circumstances the Commission was not required to make a specific finding as to whether the injury was intentionally inflicted by the deceased.

SCHENCK and DEVIN, JJ., concur in dissent.