WILLIAM BRADSHAW, ADMINISTRATOR OF THE ESTATE OF JIMMIE LOUIS BRADSHAW, v. STATE BOARD OF EDUCATION.

(Filed 26 June, 1956.)

**State § 3d—**

> Where there is competent evidence tending to support the finding and conclusion of the Industrial Commission that there was no negligence on the part of the State employee in question, order of the Commission denying relief under the State Tort Claims Act is properly affirmed. G.S. 143-291, G.S. 143-292.

JOHNSON, J., took no part in the consideration or decision of this case.
BOBBITT, J., dissenting.

APPEAL by claimant from *Carr, J.,* at October 1955 Term, of ORANGE.

Proceeding instituted before the North Carolina Industrial Commission under State Tort Claims Act, Article 31 of Chapter 143 of General Statutes, on claim of William Bradshaw, Administrator of the Estate of Jimmie Louis Bradshaw for recovery of State Board of Education, a State agency, damages in the sum of $8,000 for alleged wrongful death of Jimmie Louis Bradshaw, on 24 January, 1952, by reason of negligence of one Herbert Atwater, Jr., bus driver in operation of school bus as per affidavit dated 7 January, 1953, received by the Commission 9 January, 1953,—heard 29 April, 1954.

The record shows:

That on 20 September, 1954, Commissioner Bean entered an order in which it is recited that the case was first heard before him at Hillsboro, N. C., on 29 April, 1954, and that sometime after the hearing, plaintiff's attorney made a motion that the case be reset to take additional testimony; that the defendant's attorney objected, but that the hearing Commissioner ordered the case reset before Deputy Commissioner Hugh M. Currin on 26 August, 1954; and that testimony then taken before this Deputy has been transcribed and submitted to the Hearing Commissioner, who would file an opinion upon all the competent evidence in the case.

And, upon facts found, *inter alia,* that the school bus driver was not negligent at the time complained of, the Hearing Commissioner, from all the competent evidence in this case, concluded as a matter of law that there was no negligence on the part of an employee of the State resulting in damages to the claimant within the purview of G.S. 143-291 to 300.

Thereupon, "based upon all the findings of fact and conclusions of law," the Hearing Commissioner entered order that "there being no negligence, this claim shall be, and is hereby dismissed . . ." (Signed) J. W. Bean, Commissioner.

Claimant appealed to Full Commission for review for reasons stated, and after hearing upon review the Full Commission, being of opinion that the assignments of error were without merit, and should be overruled, adopted as its own the findings of fact, conclusions of law, and order of Commissioner Bean, and ordered that the result reached by him be in all respects affirmed.

Claimant filed twenty-one certain exceptions thereto, and appealed to Superior Court of Orange County. And on hearing at October Term 1955, upon such appeal, the parties agreed that judgment might be rendered out of the County and out of term at the convenience of the court. Thereafter on 13 January, 1956, the Judge entered judgment in which it is recited that the court has examined the exceptions filed by claimant and the evidence set out in the record; that the court deems it unnecessary for a proper disposition of the plaintiff's appeal to rule on all of plaintiff's exceptions, and finds that exceptions 7, 8 and 11 are essential to disposition of the appeal, and overrules No. 7, and sustains 8 and 11; that it appears that the findings of the Commission that the bus driver of the defendant was not negligent to which exception No. 7 relates is the essential finding upon which the decision turns: that "it further appears that two suppositions arise on the circumstantial evidence upon which plaintiff relies to show negligence, (1) that plaintiff's intestate was where he could have been seen by the driver and the driver failed to keep a proper lookout and did not see him, and (2) that said intestate was not where the driver could have seen him in the exercise of due care when the bus passed, and in playing he came in contact with the rear part of the bus after the driver had passed him." Then the judgment continues: "The burden being upon the plaintiff to prove actionable negligence, the court, in view of the two suppositions arising on the evidence as aforesaid, is unable to find that there is no evidence to support the finding of the Commission, which the court must do if the decision is not affirmed. The Commission is authorized to find the facts. If there is any evidence to support the finding the decision must be affirmed. It is, therefore, ordered that the decision and order of the

Industrial Commission denying the relief prayed for by the plaintiff be affirmed."

Plaintiff claimant excepts to the action of the court in overruling Exception No. 7, and to declining to rule on all 29 exceptions, and excepts to the judgment and appeals therefrom to Supreme Court, and assigns error.

*James R. Farlow for plaintiff appellant.*

*Attorney-General Rodman, Assistant Attorney-General Love, and Harvey W. Marcus, Staff Attorney, for defendant appellee.*

WINBORNE, J.  In considering points presented on this appeal, it is pertinent to note that G.S. 143-291 provides that the North Carolina Industrial Commission, constituted a court for the purpose of hearing and passing upon tort claims against the State Board of Education, and other agencies of the State, shall determine whether or not each individual claim arose as a result of a negligent act of a State employee while acting within the scope of his employment and without contributory negligence on the part of the claimant or the person in whose behalf the claim is asserted; and that if the Commission finds that there was such negligence on the part of a State employee acting within the scope of his employment which was the proximate cause of the injury and that there was no contributory negligence on the part of the claimant or the person in whose behalf the claim is asserted, the Commission shall determine the amount of damages which the claimant is entitled to be paid.

And pertaining to appeal from determination of a claim by the Commission, it is provided in G.S. 143-292 that such appeal shall be heard by the Industrial Commission, sitting as a Full Commission, on the basis of the record in the matter and upon oral argument of the parties, and said Commission may amend, set aside, or strike out the decision of the Hearing Commissioner and may issue its own findings of fact and conclusions of law.

And, in respect to appeal to the Superior Court by either the claimant, or the State, it is provided in G.S. 143-293 that the "appeal shall be for errors of law only under the same terms and conditions as govern appeals in ordinary civil actions, and the findings of fact of the Commission shall be conclusive if there is any competent evidence to support them."

Applying these provisions of the statutes to the case in hand, the Industrial Commission has found as a fact and concluded as a matter of law that there was no negligence on the part of the employee, bus driver, of the State, resulting in damages to the claimant within the

purview of G.S. 143-291 to 300, and the Superior Court being unable to find that there is no evidence to support the finding of the Commission, conclusion reached by it follows as a matter of course. Hence the judgment of Superior Court affirming the decision and order of the Industrial Commission was proper.

Let it be noted that the statute has been amended since the date of the occurrence on which the present claim arose.

Moreover error is not made to appear in other assignments.

And in view of decision reached, it is deemed unnecssary to consider the appeal by the State, or any point raised in connection therewith.

Affirmed.

JOHNSON, J., took no part in the consideration or decision of this case.

BOBBITT, J., dissenting: The ultimate finding of the Full Commission was that the driver of the school bus was not negligent. In my opinion, the particular findings of fact show that this conclusion was reached under a misapprehension as to the applicable principles of law. *McGill v. Lumberton,* 215 N.C. 752, 3 S.E. 2d 324.

It is first noted that the Full Commission found that "there is no evidence in the record that the school bus struck the Bradshaw boy." If this were correct, the conduct of the bus driver, negligent or otherwise, had no causal relation to the boy's death. But the court, correctly I think, sustained plaintiff's exceptive assignment of error as to this finding. The denial of plaintiff's right to recover was sustained on the ground that the ultimate finding of "no negligence" was permissible and that the Full Commission had so found.

Quoted below are paragraphs 6 and 7 of the findings of fact:

"6. That on January 24, 1952, at approximately 3:30 P.M. the said Herbert Atwater, Jr., was driving the school bus on Church Street in a northerly direction and turned at the intersection of Church Street and McMaster Street onto McMaster Street in a westerly direction; that Church Street and McMaster Street intersect; that the intersection is not a complete intersection but both streets dead-end at the intersection forming a sharp curve; that vehicles traveling over the sharp curve had a tendency to drive on the inside of the curve, forming a one-way traffic lane on the inside of the center of the curve; that McMaster Street dead-ends at a school building approximately 500 feet from the sharp curve; that on the inside of the sharp curve was a bank approximately three feet high and on this bank was shubbery and honeysuckle vines approximately two feet higher than the bank; that on the inside curve approximately three feet from the inside ditch was a mudhole.

"7. That the school bus in traveling around the curve, the rear wheel of the bus passed through the outer edge of the mudhole from the inside

of the curve; that the bus traveled after passing the curve approximately seventy-five feet before stopping; that the reason for the bus driver stopping the bus was that the children on the bus called his attention to the fact that a child was lying in the edge of the street near the curve; that after the bus stopped, Jimmy Louis Bradshaw was found lying at the end of the mudhole on McMaster Street with his head in the direction the bus was traveling; that when the doctor arrived some few minutes later he pronounced the child, Jimmy Louis Bradshaw dead; that the doctor found Jimmy Louis Bradshaw had a concussion above his left ear on the head."

Uncontroverted evidence, as to the background facts, is to the effect that Church Street was a dirt street and that McMaster Street was a dirt or dirt and gravel street. Each was not less than 24 feet wide, from ditch to ditch. The State Highway Patrolman, who made the investigation, summed it up in these words: "The area where the two streets came together was rather large but the path the traffic followed was on the inside of the intersection. The inside of the intersection had been cut off or worn off. *There was ample width for two vehicles to pass each other at any point."* (Italics added.)

It may be conceded that, in driving to the left of the center of Church Street and of McMaster Street, the bus driver was doing what others were accustomed to do in making this left turn from Church Street to McMaster Street. It may be further conceded that, because he did so, he was unable to see the child at or near the mud puddle.

Suppose a motorist had been traveling east on McMaster Street and made a right turn to proceed south on Church Street. Would there be any doubt as to the bus driver's fault if a head-on collision had occurred?

Can the fact that motorists were accustomed to do as the bus driver did set at naught statutory provisions otherwise applicable? I think not. The background facts and the particular findings of fact, in my opinion, impel the conclusion that the bus driver operated the school bus in violation of G.S. 20-146 and G.S. 20-153(a) and (b) and was therefore guilty of negligence *per se.* For this reason, I vote to remand for further consideration as to whether such negligence proximately caused the boy's death. *McGill v. Lumberton, supra.*