WILLIE J. TAYLOR, (EMPLOYEE) PLAINTIFF, v. J. D. DIXON, JAMES DIXON, JR., AND JOE EDDIE DIXON, (ALLEGED EMPLOYERS), NON-INSURERS, DEFENDANTS.

(Filed 25 November, 1959.)

### 1. Master and Servant § 58—

Where an employee is employed solely for a particular job, such as operating a chain saw, and is positively forbidden to perform another job connected with the work, such as operating a tractor, an injury received while performing the forbidden task does not arise out of a hazard of the employment and is not compensable.

### 2. Master and Servant § 94—

It is error for the Industrial Commission to fail or refuse to make specific findings of fact in respect to a specific defense set up by the employer, and where it fails to make such findings and it is apparent that the findings made were made under a misapprehension of the applicable law, the findings must be set aside and the cause remanded for findings from the evidence considered in its true legal light.

HIGGINS, J., not sitting.

APPEAL by defendants from *Parker, J.,* at January Term, 1959, of NEW HANOVER.

Proceeding in North Carolina Industrial Commission under North Carolina Workmen's Compensation Act for compensation as result of injury to claimant's left leg—heard on appeal to Superior Court for errors of law contained in the opinion and award of Hearing Commissioner, and from the opinion and award of the Full Commission, notice of which was sent to and received by defendant.

The case on appeal by defendants from the judgment in favor of plaintiff upon an appeal from the Full North Carolina Industrial Commission discloses that at the hearing before the Hearing Commissioner the following evidence in pertinent part was offered: Willie J. Taylor, claimant, testified: " * * * My regular job was to saw down trees and cut off the tops with a chain saw."

James Dixon, Sr., testified: "I was working for my boy, James Dixon, Jr., at the time. When he (Taylor) started off on the tractor I said to him 'Leave that tractor alone.' We needed some poles cut, and he said he was going to drive the damn tractor that day, and I kept on at him 'the way you are driving that tractor through the fields and woods you are going to kill yourself' and he said 'Old man, I will get down and whip your * * * if you don't hush up. I know what I am doing * * *.'

"Q. What was his regular job? A. Power saw, we had to take a

cross-cut saw and cut the poles we cut that day. He wouldn't saw. He said he won't going to saw that day.

"I have known Taylor for 15 or 20 years and he has worked for me. He plowed, and he was slapping that left foot just like he does now and it was that way before the tractor turned over * * * ."

And James Dixon, Jr., testified: "Taylor's job was running the chain saw sawing down trees and topping them. * * * I told him not to drive the tractor. He told me he was going to drive the tractor, that he was not going to run the chain saw that day * * * The reason I told him not to drive the tractor was because that was not his job. He was employed to run the chain saw— not to operate the tractor * * * I didn't hire him as a tractor driver. He has never operated a tractor for me. He never operated a tractor in this tract of woods. He was running a chain saw *when he was* working for me."

The record shows that based upon the stipulations of the parties and the evidence in the case the Hearing Commissioner found facts, *inter alia:*

"3. That on and prior to November 26, 1956, plaintiff was regularly employed by James Dixon, Jr. * * *

"5. That on November 26, 1956, plaintiff was driving a tractor, pulling logs in the woods; that he struck a stump with a tractor which caught in the equipment and turned the tractor over on him, the steering wheel striking him on his left leg * * *

"That in the way and manner set out above plaintiff sustained an injury by accident arising out of and in the course of his employment * * * ."

And "based upon the foregoing findings of fact, the Hearing Commissioner makes the following conclusions of law" (not pertinent to present challenge).

And "based upon the foregoing findings and conclusions the Hearing Commissioner enters" an award.

The record shows that defendant James D. Dixon gave notice of appeal and made application for review in this case to the North Carolina Industrial Commission, sitting as the Full Commission, assigning as error on the part of the Hearing Commissioner that:

"1. He did not find that Willie J. Taylor had stepped outside the boundaries defining the work for which he was employed, to wit: Operating a chain saw, sawing down trees and sawing off the tops and was operating a tractor which he had been forbid to do.

"2. The Commissioner should have found that Taylor had no duties with the tractor which he was on when hurt.

"3. For that it should have been found that Taylor's slapping his

foot was not a result of the injury; that it had existed a long time before the date in question.

"4. That it should have been found that Taylor had no duty connected with the tractor, was acting according to his own will, that his injury did not result as a hazard incident to his employment.

"5. That it should have been found and held that the accident and injury to Taylor did not arise out of his employment by James Dixon, Jr., and was not the result of a risk incident to the employment."

And in opinion of the Full Commission, pursuant to review, it is set forth that "After the Full Commission carefully reviewed all the competent evidence, findings of fact, conclusions of law and award heretofore made, the Full Commission is of the opinion that there is competent evidence in the record to support the findings of fact and conclusions of law of the Hearing Commissioner. Therefore the Full Commission adopts as its own the findings of fact and conclusions of law of the Hearing Commissioner and orders that the results reached by him be and the same is hereby affirmed."

Commissioner Peters dissents on the grounds stated. And the record shows appeal by defendant to Superior Court, assigning "the objections and exceptions constituting errors of law * * * assigned and objected to and excepted to as follows, to wit:

"1. The commission did not have jurisdiction of this case, for that: The injury to the plaintiff Taylor did not arise out of and in the course of his employment, for that * * * his regular job was to run a chain saw and saw down trees, and he was injured while driving a tractor which he had been specifically forbidden to do.

"2. For that the Hearing Commissioner and the Full Commission should have found that plaintiff Willie J. Taylor had stepped outside the boundaries defining the work for which he was employed, to wit: Operating a chain saw, sawing down trees, and sawing off the tops, and was operating a tractor which he had been forbidden to do.

"3. For that: The Hearing Commissioner and Full Commission should have found that plaintiff Taylor had no duties with the tractor which he was on when hurt, and that his injury did not result as a hazard incident to his employment.

"4. For that: It should have been found by the Hearing Commissioner that plaintiff Taylor's slapping his foot was not the result of the injury but that it had existed a long time before the date in question, and that there was no evidence that it had not existed a long time before the injury and that there was no evidence that his slapping his foot was caused by the injury.

"5. For that: The Hearing Commissioner and the Full Commission

erred in finding that the plaintiff Taylor was in need of further medical treatment which would tend to lessen his period of disability, for that: There is no evidence to sustain such a finding or that there is any disability arising from any accident, arising out of or in the course of his employment.

"6 The hearing Commissioner and the Full Commission were in error in finding and concluding as a matter of law that plaintiff may have some permanent disability, for that there is no evidence to sustain such a finding.

"7. The Hearing Commissioner and the Full Commission were in error in adjudging that James Dixon, Jr., shall pay all medical, hospitalization and other treatment bills incurred by plaintiff on account of his injury, for that: The injury did not arise out of an accident arising out of the course of his employment.

"8. For that: The Hearing Commissioner and the Full Commission were in error in ordering that James Dixon, Jr., shall provide such further medical treatment at the hands of Dr. M. H. Bullock as in his opinion will tend to lessen plaintiff's period of disability, to wit: The slapping of his foot * * * for that: Same was not caused by any accident or injury arising out of the course of his employment.

"9. The Hearing Commissioner and the Full Commission were in error in ordering James Dixon, Jr., to pay the costs, for that: The injury did not arise out of the course of plaintiff's employment and the Commission had no jurisdiction.

"Wherefore the defendant James Dixon, Jr., prays that this cause be certified to the Superior Court of New Hanover County for hearing upon this appeal, and that plaintiff Taylor recover nothing, and that the award of the Hearing Commissioner and the Full Commission be stricken out and the case dismissed. * * *

"Service notice of appeal accepted June 6th, 1958."

The record shows that the cause coming on to be heard before the presiding judge, upon appeal from the judgment of the Full Commission, the plaintiff and the defendant being represented as indicated, and "the court having reviewed the record and heard arguments of counsel setting forth their contentions, and the court being of the opinion that there is evidence in the record to support the findings of fact and conclusions of law of the Full Commission: Whereupon the court adopts as its own the findings of fact and conclusions of law of the Full Commission and orders the same be in all respects affirmed." And the presiding judge ordered that an award issue accordingly, and "the defendant pay the costs and the provisions as to attorneys' fees be held in abeyance until final judgment is rendered."

TAYLOR *v.* DIXON.

The Superior Court rendered judgment as so set out in the record. Defendant excepts thereto and appeals to Supreme Court, and assigns error.

*Rodgers & Rodgers for plaintiff, appellee.*
*I. C. Wright for defendant, appellant.*

WINBORNE, C. J.  This is the sole question presented on this appeal: When a defendant in a proceeding under the North Carolina Workmen's Compensation Act sets up a specific defense, as in the present case may the Industrial Commission fail or refuse to make specific findings of fact in respect thereto in the light of the evidence offered. The answer is "No."

Here the defendant contends plaintiff was employed to operate a chain saw and, though forbidden to do so, undertook to operate a tractor.

In this connection, "if", as stated in Larson's Workmen's Compensation Law Vol. 1, p. 463, "the unrelated job is positively forbidden, all connection with the claimant's own employment disappears, for he has stepped outside the boundaries defining, not his method of working, but the ultimate work for which he is employed." To like effect is *Morrow v. Highway Comm.,* 214 N.C. 835, 199 S.E. 265, where a painter on a bridge, after being forbidden to do so, undertook to recover a brush which had fallen in the river, was drowned. Recovery was not allowed.

Hence in the case in hand defendants are entitled to have the Industrial Commission, in finding the facts, consider the evidence in the light of these legal principles. It is apparent that this has not been done. Indeed, facts found under misapprehension of the law will be set aside on the theory that the evidence should be considered in its true legal light. *McGill v. Lumberton,* 215 N.C. 752, 3 S.E. 2d 324, and cases cited.

Therefore the case is remanded to the end that the North Carolina Industrial Commission, applying the legal principles here declared, may proceed to findings of fact and a determination of the claims in accordance with prescribed practice.

Error and remanded.

HIGGINS, J., not sitting.