CARLOS DIAZ, EMPLOYEE v. UNITED STATES TEXTILE CORPORATION,
EMPLOYER AND FIDELITY AND GUARANTY INSURANCE COMPANY, IN-
SURER, DEFENDANTS

No. 8210IC703

(Filed 15 February 1983)

**Master and Servant §§ 55.1, 55.6— workers' compensation—electrical burns—nei-
ther injury by "accident" nor injury in course of employment**

In a workers' compensation proceeding, the Industrial Commission erred
in finding that plaintiff suffered a compensable injury. The evidence did not
satisfy the requirement of an injury by "accident" since plaintiff, an experi-
enced electrician, should have known that if he hit a wet board with his bare
hand while standing on wet grass and while the board was resting on a wire
with at least 3,000 volts of electricity running through it, he would receive
severe electrical burns. Further, the evidence tended to show that the injury
did not occur in the course of plaintiff's employment in that there was no
evidence that plaintiff had been directed to enter the substation where the in-
jury occurred, and where, even if he had, the evidence showed that plaintiff
had completed his possible duty before he reentered the substation a second
time.

APPEAL by defendants from Opinion and Award of the North
Carolina Industrial Commission filed 1 April 1982. Heard in the
Court of Appeals 10 November 1982.

This is a proceeding under the North Carolina Workers' Com-
pensation Act, N.C. Gen. Stat. § 97-1, *et seq.* to recover compen-
sation for injuries sustained to plaintiff Carlos Diaz.

On 3 December 1978 plaintiff was employed by defendant
United States Textile Corporation (hereinafter U.S. Textile) as an
electrician and was working at U.S. Textile's plant in Newland,
North Carolina. On this date a co-worker found plaintiff lying un-
conscious in the fenced area of a substation located behind the
building housing U.S. Textile and Glen Raven Mills. The substa-

tion consisted of three transformers with a primary voltage of 7,200 running through each transformer. Defendant had come in contact with one of the wires leading from the transformers and was severely burned. As a result, both arms were amputated.

On 29 July 1981 Deputy Commissioner Ben E. Roney, Jr., filed an Opinion and Award denying plaintiff's claim on the basis that his "injuries were proximately caused by his willful intention to kill himself and did not arise out of or in the course of the employment. NCGS 97-12(3) . . . ." The Full Commission with the Chairman dissenting, reversed the Opinion and Award of Deputy Commissioner Roney and awarded plaintiff compensation. Defendants have appealed.

*Gene Collinson Smith for plaintiff-appellee.*

*Jones, Hewson & Woolard, by Harry C. Hewson, for defendant-appellants.*

HILL, Judge.

Defendants argue that the award of the Full Commission is not supported by the evidence.

> "In passing upon an appeal from an award of the Industrial Commission, the reviewing court is limited in its inquiry to two questions of law, namely: (1) Whether or not there was any competent evidence before the Commission to support its findings of fact; and (2) whether or not the findings of fact of the Commission justify its legal conclusions and decisions. (Citations omitted.)" *Henry v. Leather Co.,* 231 N.C. 447, 479, 57 S.E. 2d 760, 762 (1950).

*Inscoe v. Industries, Inc.,* 292 N.C. 210, 216, 232 S.E. 2d 449, 452 (1977). Defendants have assigned error to paragraphs 3, 4 and 7 of the following findings of fact on the ground that they are not supported by the evidence:

1. Plaintiff was born in Carralillos, Cuba on 31 August 1939. He is a Latin American who speaks fluent Spanish and some English. He was educated in schools through the eighth grade and received additional school training in technical school where he completed courses in electricity. He began his career as an electrical worker in 1972 when he was

employed as a maintenance electrician in Spain. He has continued to do electrical work for various employers since 1972.

2. Plaintiff went to work for defendant employer as an electrician on a date uncertain prior to December 1978. He began work at defendant employer's Charlotte plant and was eventually transferred to the Newland plant. He was assigned to install knitting and sewing machines at the Newland plant. Plaintiff's principal duties with regard to this installation involved electrical wiring, which consisted of adapting the new machines to the existing voltage at the plant.

3. During the course of the installation process, on the morning of December 3, 1978, plaintiff entered the smaller of two electrical sub-stations on defendant employer's premises to check and make sure that the power source was resistant enough to bear the load of the charge that was going to be put upon it. He had never been inside either of the sub-stations on defendant employer's premises prior to this date. He gained entrance to the enclosed sub-station by placing a wooden stepladder against the fence surrounding the sub-station and climbing over the fence. Plaintiff made an inspection of the transformer and discovered a piece of wood, approximately two to three feet long resting between a wire and one of the transformers. He did nothing about the board at that time, and left the sub-station.

4. Claiment (sic) returned to defendant employer's plant and changed some microswitches inside the plant. Plaintiff then took a coffee break with two coemployees, Bernd Veerkamp and Gerald Storandt. Plaintiff decided to reenter the sub-station and remove the piece of wood to avoid a serious accident. Plaintiff reentered the sub-station by climbing the same stepladder as before and approached the piece of wood by walking between the two transformers. When he reached the piece of wood, he gave it a hard blow with his left hand, at which point, plaintiff received a great electrical shock.

. . .

7. On December 3, 1978, plaintiff sustained an injury by accident arising out of and in the course of his employment

Diaz v. United States Textile Corp.

as an electrician with defendant employer. As a result of the injury by accident giving rise to this claim, plaintiff is totally and permanently disabled.

The Commission concluded as a matter of law that plaintiff sustained an injury arising out of and in the course of his employment with U.S. Textile. We reverse the Commission's award on grounds that there is no competent evidence to support Finding of Fact No. 7 and the corresponding Conclusions of Law.

An injury is compensable under the Workers' Compensation Act only if it is by accident arising out of and in the course of employment. G.S. 97-2(6). "Accident" has been defined as "an unlooked for and untoward event which is not expected or designed by the person who suffers the injury." *Porter v. Shelby Knit, Inc.*, 46 N.C. App. 22, 26, 264 S.E. 2d 360, 363 (1980), *quoted in Hensley v. Cooperative*, 246 N.C. 274, 278, 98 S.E. 2d 289, 292 (1957). Whether or not the statutory requirements of "arising out of and in the course of the employment" are met is a mixed question of law and fact. *Barham v. Food World*, 300 N.C. 329, 266 S.E. 2d 676, *reh'g denied*, 300 N.C. 562, 270 S.E. 2d 105 (1980).

The words "arising out of and in the course of employment" have been interpreted many times. The phrases "arising out of" and "in the course of" are not synonymous and both must be fulfilled in order for the plaintiff to recover. An accident arises out of employment where any reasonable relationship to the employment and the accident exists or the employment is a contributory cause of the accident. (Citation omitted.)

\* \* \* \*

The phrase "in the course of" employment deals with time, place, and circumstance. All three of the conditions must be fulfilled for the plaintiffs to recover. (Citation omitted.) . . . . If the employee is doing work at the direction and for the benefit of the employer, the time and place of work are for the benefit of the employer and a part of the employment of the employee. . . . . In respect to "circumstance," compensable accidents are those sustained while the employee is doing what a man so employed may reasonably do within a time he is employed, and at a place where he may reasonably be during the time to do that thing.

*Brown v. Service Station*, 45 N.C. App. 255, 256-257, 262 S.E. 2d 700, 702 (1980).

Upon application of the aforesaid body of law to the evidence in the record, we conclude that at least two of the statutory requirements for compensation were not met. Plaintiff testified that prior to his employment at the Newland plant he worked at Brevoni Hosiery and the U.S. Textile Plant in Charlotte. His duties at these plants involved electrical installation of machines. He was not responsible for connecting the wiring from the substation to the machinery. When he began working at the Newland plant of U.S. Textile his duties were the same. On the day of the injury, plaintiff entered one of the substations to determine the voltage. He indicated that this was necessary since a number of new machines were being installed. Plaintiff obtained a ladder, climbed over the fence surrounding the transformers and read the plaque on the middle transformer in order to ascertain the voltage. He noticed a piece of wood "almost balancing between the wire and the transformer." Diaz then climbed out of the substation. He testified:

> At first I saw the piece of wood and I didn't give it any importance or I didn't dare to take it away, to remove it. After I left the sub-station I went and had coffee with Benny and Storandt. I started thinking how if it were windy the piece of wood could fall and provoke an accident, so I decided to remove it. It was just a matter of giving it a blow and it would fall.

Plaintiff then reentered the substation by way of a ladder. The wet board was resting on a wire with a voltage of at least 3,000 volts. Plaintiff gave the board a blow with his left hand. He remembered nothing until regaining consciousness in the ambulance.

A deputy sheriff with the Avery County Sheriff's Department testified that he interviewed plaintiff after he was taken to Duke Hospital. There plaintiff informed him "he needed a board inside the fence and fell down."

On the day plaintiff entered the substation it was rainy and cold. The fence around the substation was locked and signs reading "Danger High Voltage" were located in prominent positions on the fence. Both of plaintiff's co-workers and people in-

vestigating the incident testified that they found no board inside the substation.

The aforesaid evidence does not satisfy the requirements of injury by "accident." Plaintiff, an experienced electrician, should have known that if he hit a wet board with his bare hand while standing on wet grass and while the board was resting on a wire with at least 3,000 volts of electricity running through it, he would receive severe electrical burns. Plaintiff acknowledged his awareness of this fact when he testified "At first I saw the piece of wood and I didn't give it any importance or I didn't dare to take it away."

The facts also show that the injury did not occur in the course of plaintiff's employment. There was no evidence that plaintiff had been directed by U.S. Textile to enter the substation. Assuming that plaintiff's duties entailed ascertaining the voltage on the transformers in the substation, the evidence shows that plaintiff had completed this duty before he reentered the substation. Furthermore, neither of plaintiff's explanations, that he hit the board to thwart a possible accident or because he needed the board, would support a conclusion that he was acting within the scope of his employment. Plaintiff was not doing what a man so employed may reasonably do at a time he was employed and at a place where he may have been during the time to do that thing. We hold that the findings of fact do not support an award of compensation.

Defendants have raised other assignments of error concerning the admissibility of evidence of an alleged suicide note written by plaintiff. Because of our disposition of the cause, we deem it unnecessary to deal with them.

The cause is remanded to the Industrial Commission for entry of an order denying compensation.

Reversed and remanded.

Judges ARNOLD and JOHNSON concur.