Parker v. Burlington Industries, Inc.

---

TONY RAY PARKER, PLAINTIFF-EMPLOYEE v. BURLINGTON INDUSTRIES, INC., DEFENDANT-EMPLOYER, AND AMERICAN MOTORISTS INSURANCE COMPANY, CARRIER

No. 8510IC251

(Filed 17 December 1985)

**Master and Servant § 55.4— workers' compensation—injury not arising out of employment**

The Industrial Commission properly concluded that plaintiff was not injured by an accident arising out of and in the course of his employment where plaintiff was overcome by fumes while cleaning a tote tank; it was not a part of plaintiff's job to clean the tank; and the tank was not to be cleaned and the cleaning of it did not further the business of defendant.

APPEAL by plaintiff from an opinion and award of the Industrial Commission filed 18 September 1984. Heard in the Court of Appeals 15 October 1985.

Plaintiff filed a claim in this case for workers' compensation benefits as a result of injuries he sustained on 29 October 1980 while employed by Burlington Industries, Inc. Deputy Commissioner Dianne Sellers found facts which were supported by the evidence which we summarize as follows. On 29 October 1980 the plaintiff had been employed by Burlington for approximately six years and was employed on that date as a mixer. In August 1980 the plaintiff was rescheduled to work on the third shift. He was adamant that he be transferred back to the first shift, telling the production department manager that he was suffering from headaches, depression and inability to sleep because he was working on the third shift. The production department manager told the plaintiff he could not be transferred to the first shift. In September 1980 the plaintiff complained almost daily to his foreman about being on the third shift. In early October the plaintiff asked his foreman if he could get off the third shift if he obtained a doctor's excuse. Approximately two weeks before the incident he asked if having an accident would get him off the third shift.

On 29 October 1980 the plaintiff was found unconscious lying on the bottom of a tote tank measuring 5½ feet in height and 3½ feet square. The top of the tote tank was found slightly ajar thereby preventing light from entering the tote tank and allowing toxic fumes to accumulate. The plaintiff was hospitalized as a result of his injuries. Deputy Commissioner Sellers rejected plaintiff's testimony that he had cleaned the tote tanks before and was cleaning the tote tank at the time of the injury. She found as facts based on the defendants' evidence that plaintiff had not been instructed to clean the tote tank. She found further that Burlington had no need for the tote tank to be cleaned because the same compounds were repeatedly used in the tanks.

Deputy Commissioner Sellers found the plaintiff did not sustain an injury by accident arising out of and in the course of his employment. She also found that "[w]hatever injuries he might have sustained were proximately caused by his willful intention to injure himself." Deputy Commissioner Sellers denied recovery.

The full Commission struck the finding of fact by Deputy Commissioner Sellers as to the plaintiff's willful intention to injure himself. It concluded that "at the time complained of plaintiff was not about his work." The full Commission adopted the opinion and award of Deputy Commissioner Sellers as amended and denied compensation to the plaintiff. The plaintiff appealed.

*Hunter, Hodgman, Greene, Goodman & Donaldson, by Robert S. Hodgman, and Street, Welborn and Stokes, by Marquis D. Street, for plaintiff appellant.*

*Tuggle, Duggins, Meschan & Elrod, P.A., by Arthur A. Vreeland, for defendant appellees.*

WEBB, Judge.

The facts found by Deputy Commissioner Sellers and adopted by the full Commission are supported by the evidence. We are limited to determining whether the conclusions were correct that at the time of the incident the plaintiff was not about his work and was not injured by an accident "arising out of and in the course of" his employment. *Inscoe v. Industries, Inc.,* 292 N.C. 210, 232 S.E. 2d 449 (1977). In order to be compensable under the Workers' Compensation Act an injury must be caused by an accident "arising out of and in the course of" employment. G.S. 97-2(6). The words "arising out of and in the course" of employment have been interpreted many times. *See Hoyle v. Isenhour Brick and Tile Co.,* 306 N.C. 248, 293 S.E. 2d 196 (1982); *Hensley v. Caswell Action Committee,* 296 N.C. 527, 251 S.E. 2d 399 (1979); *Hartley v. Prison Dept.,* 258 N.C. 287, 128 S.E. 2d 598 (1962); *Taylor v. Dixon,* 251 N.C. 304, 111 S.E. 2d 181 (1959); *Diaz v. United States Textile Corp.,* 60 N.C. App. 712, 299 S.E. 2d 843, *disc. review denied,* 308 N.C. 386, 302 S.E. 2d 250 (1983) and *Harless v. Flynn,* 1 N.C. App. 448, 162 S.E. 2d 47 (1968).

We believe that under the rule as written in these cases the plaintiff's injury arose from his employment. It arose from a hazard incident to the employment and not from a hazard common to the public. The question is whether it was in the course of his employment. The rule as applied to this case is that if an employee does something which he is not specifically ordered not to do by a then present superior and the thing he does furthers the business of the employer although it is not a part of the

employee's job, an injury sustained by accident while he is so performing is in the course of employment. This has been characterized as "being about his work." The Industrial Commission in this case has adopted the findings of fact of the Deputy Commissioner that it was not a part of the plaintiff's job to clean the tote tank. It has also adopted the finding of fact that the tote tank was not to be cleaned and the cleaning of it did not further the business of Burlington. If we accept the contention of the plaintiff that he was cleaning the tote tank at the time he was overcome by fumes it was not a part of his job and did not further the business of Burlington. The Industrial Commission was correct in concluding the plaintiff was "not about his work." On the facts found we cannot hold the Industrial Commission was erroneous in its conclusion.

The appellant also contends he was denied due process of law because he was not notified of the defense which would be used by the defendants before the hearing. In denying the claim the defendant American Motorists Insurance Company sent a letter to the defendant in which he was notified that he did not follow company procedures while cleaning the tank, that he attempted to perform the job in an area in which this type of work is not allowed and that there may have been a certain amount of "horseplay" involved. No other defense was advanced by the defendants prior to the hearing. We hold that the plaintiff was not prejudiced. Whatever defense the defendants may have relied upon the burden was on the plaintiff to prove he was injured by an accident arising out of and in the course of employment. This he failed to do.

Affirmed.

Judges JOHNSON and PHILLIPS concur.