BARRY S. MOORE, Employee, Plaintiff v. FEDERAL EXPRESS, Employer SELF-INSURED (RSKCO., INC., Administering Agent), Defendants

No. COA03-291

(Filed 20 January 2004)

**1. Workers' Compensation— injury by accident—pre-existing back condition**

The Industrial Commission did not err in a workers' compensation case by finding and concluding that plaintiff employee suffered an injury by accident from a 3 April 1997 incident, because: (1) although there may have been some causal connection to plaintiff's original 1992 injury, plaintiff's current back problems were a result of the 3 April 1997 incident, which substantially aggravated his pre-existing back condition; (2) the pain plaintiff experienced from the 3 April 1997 incident was different and substantially more severe than from the original 1992 back injury; (3) plaintiff's 3 April 1997 injury directly resulted from the incident in which a customer dropped one end of a computer box; and (4) plaintiff's injury was the result of a specific traumatic event occurring in the course of plaintiff's employment, and not simply a change in his condition that was a natural consequence of his prior injury.

## 2. Workers' Compensation— credit—disability payments

The Industrial Commission's determination in a workers' compensation case that defendants were entitled to a credit for disability insurance benefits received by plaintiff is remanded for further findings of fact, because: (1) there was evidence presented from which the Commission could have calculated the amount of credit to be awarded to defendants; and (2) the record was insufficient to determine the effect of the credit awarded to defendants on the subrogation requirement under the disability plan.

## 3. Workers' Compensation— attorney fees—sanctions

The Industrial Commission erred in a workers' compensation case by failing to make a ruling on whether plaintiffs were entitled to an award for sanctions and attorney fees against defendants for an unreasonable denial of plaintiff's claim, and this case is remanded for a determination on this issue.

Appeal by plaintiff from orders entered 14 June 2002 and 24 October 2002 and by defendants from an opinion and award entered 14 June 2002 by the North Carolina Industrial Commission. Heard in the Court of Appeals 3 December 2003.

*Law Offices of George W. Lennon, by George W. Lennon, for plaintiff-appellant.*

*Brooks, Stevens & Pope, P.A., by Robert S. Welch and Joy H. Brewer, for defendant-appellants.*

HUNTER, Judge.

Federal Express ("FedEx") and RSKCO., Inc. (collectively "defendants") appeal from an opinion and award of the Full Commission of the North Carolina Industrial Commission ("the Commission") filed 14 June 2002 awarding Barry S. Moore ("plaintiff") workers' compensation benefits. Plaintiff appeals from the same opinion and award and further appeals from an order filed 24 October 2002 denying his motion for reconsideration. Although we affirm the Commission's award of benefits, we remand this case to the Commission for further findings as to the amount of credit to be awarded to defendants and whether plaintiff is entitled to sanctions.

MOORE v. FEDERAL EXPRESS

[162 N.C. App. 292 (2004)]

The Commission found the following facts, to which neither party assigns error.[1]

2. Plaintiff was initially employed by [FedEx] in 1989 as a courier . . . . On 1 April 1992, plaintiff sustained an admittedly compensable injury to his back while working in that capacity. . . . Plaintiff was initially treated for this back injury by Dr. Theodore M. Pitts . . . Dr. Pitts diagnosed low back sprain, lumber internal disc derangement, and pain associated with bilateral spondylosis and spondylolisthesis, and recommended epidural steroid injections.

3. Because plaintiff's condition did not improve with conservative treatment, Dr. Pitts recommended a spinal fusion surgery. Plaintiff was advised by Dr. Pitts that even with the recommended surgery his back condition would never be normal again, and that he would need to be careful with his activities in the future.

4. Plaintiff underwent a spinal fusion surgery performed by Dr. Stephen Grubb [on] 2 June 1994. . . . Dr. Pitts opined that because of the surgery, and the 1 April 1992 back injury, plaintiff would be at an increased risk for a new back injury or change of condition . . . .

5. Subsequent to his surgery in 1994, plaintiff returned to work for [FedEx] as a Customer Service Representative, . . . (CSR). . . . As a CSR, plaintiff worked at a counter in a shipping facility where he received packages. Plaintiff's duties . . . included greeting customers, assisting customers with packages, moving freight, answering the phone, and working on problem packages. The packages plaintiff worked with in this capacity weighed as much as seventy-five (75) pounds.

6. On 3 April 1997, while working as a CSR, plaintiff was assisting a customer loading a boxed computer into an automobile. In this process, the customer inadvertently dropped their end of the box, requiring plaintiff to suddenly bear the full weight of the computer. As the result, plaintiff experienced the immediate onset of a sharp pain in the left side of his back. . . .

. . . .

---

1. These findings are thus deemed binding on appeal. *See Watson v. Employment Security Comm.*, 111 N.C. App. 410, 412, 432 S.E.2d 399, 400 (1993).

MOORE v. FEDERAL EXPRESS

[162 N.C. App. 292 (2004)]

8. Following his 3 April 1997 injury . . . [o]n 14 August 1998, plaintiff underwent a discography which revealed problems at the L4-L5 and L5-S1 levels. . . .

The Commission also made the following findings, to which defendants assign error but as to which they present no argument to this Court.[2]

7. During the period between his 1992 back injury and resulting surgery, and the incident on 3 April 1997, plaintiff has experienced periodic [flare]-ups of back pain. . . . However, the credible evidence of record supports a finding that the pain plaintiff experienced at the time of, and following the 3 April 1997 incident was different, and substantially more severe.

. . . .

9. During his deposition, Dr. Grubb opined that it was more likely than not that the 3 April 1997 work related incident significantly aggravated plaintiff's pre-existing, non-disabling back condition. Additionally, Dr. Grubb explained that there was a clinical difference in the condition of plaintiff's back before and after that incident. As for plaintiff's periodic flare-ups, Dr. Grubb testified that each occurrence prior to 3 April 1997 was temporary, and had resolved through conservative treatment. . . .

10. Dr. Pitts testified that . . . assuming that the plaintiff did injure his back at work in April 1997, . . . plaintiff's subsequent back problems most likely would be the result of the work related incident on that date, although there was some degree of causal relationship with plaintiff's 1 April 1992 injury, and resulting surgery.

. . . .

12. In preparation for his 10 October 1998 surgery, plaintiff was evaluated by Dr. Brenda Sue Waller, who practices with Dr. Grubb . . . . Dr. Waller has opined that the 3 April 1997 incident was probably causally related to the recurrence of plaintiff's back injury. Additionally, although Dr. Waller was unable to differentiate the 3 April 1997 incident from other flare-ups, she was of the

2. Thus, these assignments of error are deemed abandoned, see Foster v. U.S. Airways, Inc., 149 N.C. App. 913, 924, 563 S.E.2d 235, 242-43 (2002), and these findings are also binding on appeal.

opinion that the incident in question substantially aggravated plaintiff's back condition.

13. Plaintiff has also received treatment . . . from Dr. Virginia W. Pact, a neurologist. . . . On the issue of causation, Dr. Pact opined that the 3 April 1997 incident substantially aggravated plaintiff's pre-existing, non-disabling back condition.

Based upon these evidentiary findings, the Commission made the ultimate finding of fact, which defendant has preserved for appellate review:

14. The credible evidence of record supports a finding that on 3 April 1997, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant in the form of a specific traumatic incident of the work assigned. Additionally, the credible evidence of record supports a finding that plaintiff's 3 April 1997 injury by accident in the form of a specific traumatic incident substantially aggravated his pre-existing back condition . . . .

The Commission also found that "[i]t is undisputed that plaintiff received short term disability and long term disability benefits from an employer funded plan."

From its findings of fact the Commission concluded as a matter of law that plaintiff had sustained an injury by accident arising out of and in the course of his employment, which substantially aggravated his pre-existing back condition, and that plaintiff was entitled to workers' compensation benefits as a result. The Commission, however, further concluded that defendants were entitled to a credit for short term and long term disability benefits paid to plaintiff.

The issue from defendant's appeal is whether (I) the Commission erred by finding and concluding that plaintiff suffered an injury by accident from the 3 April 1997 incident. The issues from plaintiff's appeal are whether: (II) the Commission erred in concluding defendants were entitled to a credit for disability insurance benefits received, and (III) the Commission erred by not awarding plaintiff sanctions and attorneys' fees against defendants for an unreasonable denial of plaintiff's claim.

I.

[1] Defendants contend that the Commission's findings of fact were not supported by sufficient evidence and do not support the conclu-

sions of law. Defendants do not, however, challenge the evidentiary findings of the Commission, but rather first argue that the evidence supported additional or alternate findings of fact in support of their defense. Although defendants assert that the Commission failed to consider their evidence, they produce no support in the record for this contention. Furthermore, " '[t]he Commission chooses what findings to make based on its consideration of the evidence[, and this] [C]ourt is not at liberty to supplement the Commission's findings[.]' " *Pitillo v. N.C. Dep't of Envtl. Health & Natural Res.*, 151 N.C. App. 641, 644, 566 S.E.2d 807, 810 (2002) (quoting *Bailey v. Sears Roebuck & Co.*, 131 N.C. App. 649, 653, 508 S.E.2d 831, 834 (1998)). As such, the Commission did not err by not making evidentiary findings in support of defendants' position.

Defendants further challenge the Commission's ultimate finding of fact and conclusion of law that the 3 April 1997 incident constituted an injury by accident, which substantially aggravated plaintiff's pre-existing back condition. Defendants contend that the evidence supports an ultimate finding and conclusion that plaintiff's back injury constituted a change of condition resulting from plaintiff's first back injury in 1992. The distinction between whether plaintiff's injury was a separate injury by accident or a change in condition is significant because defendants contend plaintiff is time barred from an award of benefits for a change of condition stemming from his 1992 back injury.

"In reviewing an order and award of the Industrial Commission in a case involving workmen's compensation, [an appellate court] is limited to a determination of (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are supported by the findings." *Barham v. Food World*, 300 N.C. 329, 331, 266 S.E.2d 676, 678 (1980). A back injury arising out of and in the course of employment and as the direct result of a specific traumatic incident of the work assigned is to be construed as an "injury by accident" under the Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6) (2003). Events occurring contemporaneously, during a cognizable time period, and which cause a back injury constitute a specific traumatic incident. *See Richards v. Town of Valdese*, 92 N.C. App. 222, 225, 374 S.E.2d 116, 118-19 (1988). Aggravation of a pre-existing condition caused by a work-related injury is compensable under the Workers' Compensation Act. *See Smith v. Champion Int'l*, 134 N.C. App. 180, 182, 517 S.E.2d 164, 166 (1999). On the other hand, "[a] change of condition . . . , is a substantial change in physical capac-

ity to earn wages, occurring after a final award of compensation, that is different from that existing when the award was made." *Bailey*, 131 N.C. App. at 654, 508 S.E.2d at 835. In order to recover for a change of condition, a plaintiff is required to prove that the change in condition is a natural consequence of the original injury. *See id.*

In this case, the medical evidence presented and the Commission's evidentiary findings of fact establish that although there may have been some causal connection to plaintiff's original 1992 injury, plaintiff's current back problems were a result of the 3 April 1997 incident, which substantially aggravated his pre-existing back condition. Additionally, the Commission found that the pain plaintiff experienced from the 3 April 1997 incident was different and substantially more severe than from the original 1992 back injury. Furthermore, plaintiff's 3 April 1997 injury directly resulted from the incident in which the customer dropped one end of the computer box.

Therefore, plaintiff's injury was the result of a specific traumatic incident occurring in the course of plaintiff's employment, and not simply a change in his condition that was a natural consequence of his prior injury. Thus, the Commission's findings of fact are supported by competent evidence and those findings of fact support the Commission's conclusions of law. Accordingly, the Commission did not err in awarding plaintiff workers' compensation benefits.

II.

[2] Plaintiff contends that the Commission erred in concluding that defendants are entitled to a credit for disability payments received by plaintiff.

"The decision of whether to grant a credit is within the sound discretion of the Commission." *Shockley v. Cairn Studios Ltd.*, 149 N.C. App. 961, 966, 563 S.E.2d 207, 211 (2002). As such, the decision by the Commission to grant or deny a credit to the employer for payments previously made will only be reversed for an abuse of discretion. *Id.* "N.C. Gen. Stat. § 97-42 'is the only statutory authority for allowing an employer in North Carolina any credit against workers' compensation payments due an injured employee.' " *Cox v. City of Winston-Salem*, 157 N.C. App. 228, 236, 578 S.E.2d 669, 675 (2003) (quoting *Effingham v. Kroger Co.*, 149 N.C. App. 105, 119, 561 S.E.2d 287, 296 (2002)). Section 97-42 provides in part:

> Payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the

terms of this Article were not due and payable when made, may, subject to the approval of the Commission be deducted from the amount to be paid as compensation.

N.C. Gen. Stat. § 97-42 (2003).

In this case the Commission found:

It is undisputed that plaintiff received short term disability and long term disability benefits from an employer funded plan. However, insufficient evidence exists upon which to enter a finding regarding the exact dates these benefits were paid, or the exact amounts.

From this finding, the Commission concluded that "[d]efendant[s are] entitled to a credit for short term and long term disability benefits paid to plaintiff."

At a hearing before the deputy commissioner, defendants presented evidence that long and short term disability payments had been made. During this evidence, plaintiff's counsel, in response to the deputy commissioner's question as to whether he had any argument as to the amount of any credit, stated, "I don't have any basis to argue with him, I don't believe, Your Honor." Defendants also introduced documents which appear to show long and short term disability payments made to plaintiff between dates in 1998 to 1999. Subsequently, in a motion to the Commission for reconsideration, plaintiff included a copy of a reimbursement agreement in which plaintiff agreed to reimburse defendants for disability payments made to him upon receipt of workers' compensation benefits. Plaintiff argued in the motion for reconsideration, and now on appeal, that plaintiff's award may be subject to both a credit to defendants based upon the disability payments made and a subrogation requirement under the disability policy, resulting in a double deduction from plaintiff's award.

In this case, because there was evidence presented from which the Commission could have calculated the amount of credit to be awarded to defendants, we remand for further findings on that issue, however, the Commission may take any additional evidence it deems necessary. Furthermore, the record at this point is insufficient for this Court to determine the effect of the credit awarded to defendants on the subrogation requirement under the disability plan. Therefore, we also remand this case to the Commission for further findings of fact,

and if necessary the taking of further evidence, on the issue of the amount of credit, if any, to be awarded defendants in light of the subrogation requirement of the disability insurance plan, under which payments were made to plaintiff. *See Cox*, 157 N.C. App. at 237, 578 S.E.2d at 676. If the Commission determines that the disability insurance plan requires full subrogation, notwithstanding any credit awarded, no credit should be awarded. If, on the other hand, any credit awarded to defendants would serve to satisfy any subrogation claim in whole or in part, the Commission may, in its discretion, award a credit.

### III.

[3] Plaintiff also contends that the Commission erred by not awarding him sanctions and attorneys' fees under N.C. Gen. Stat. § 97-88.1. Where the issue is properly raised before the Commission, it is error for the Commission to fail to rule on whether sanctions should be awarded under N.C. Gen. Stat. § 97-88.1. *Whitfield v. Lab. Corp.*, 158 N.C. App. 341, 358, 581 S.E.2d 778, 789 (2003). In this case, the record evidences no ruling by the Commission on the issue of sanctions, and we must remand this case for a determination of this issue. *Id.*

Affirmed in part; remanded in part.

Judges McGEE and GEER concur.