KENNETH HEATHERLY, Employee, Plaintiff v. THE HOLLINGSWORTH COMPANY, INC., Employer, and STONEWOOD INSURANCE COMPANY, Carrier, Defendants

No. COA07-222

(Filed 18 March 2008)

**1. Workers' Compensation— lightning strike—standard**

The Full Commission erred in a workers' compensation case involving a lightning strike by applying the incorrect standard in reaching its ultimate conclusion. The evidence supported findings concerning plaintiff's location, but the Commission did not make the findings required to support a conclusion that plaintiff was at an increased risk of a lightning strike compared to members of the public generally.

**2. Workers' Compensation— expert medical testimony—hand injury after fall on concrete**

The appellate court rejected defendant's contention in a workers' compensation case that plaintiff should have been forced to produce expert testimony about his hand injury where plaintiff received an electrical charge from a lightning strike and landed on a concrete floor.

Appeal by defendants from opinion and award filed 3 November 2006 by the Full Commission. Heard in the Court of Appeals 19 September 2007.

*Brooks, Stevens & Pope, P.A., by Bambee B. Blake and Ginny P. Lanier, for defendants.*

*Bazzle & Carr, P.A., by Ervin W. Bazzle, for plaintiff.*

ELMORE, Judge.

Kenneth Heatherly (plaintiff) was working as a drywall hanger for his brother, Randy Heatherly, the owner of CDS Drywall on 12 July 2004. As a result of inclement weather including rain and light-

ning, he and other workers ceased work on the project and took shelter in the garage. The garage was mostly finished but lacked doors. Plaintiff picked up a "landline" telephone located in the garage to call his brother and inform him that the crew had stopped work, but just as he dialed the number, a lightning strike occurred. The record is unclear whether the lightning struck plaintiff directly, came in through the telephone line, or simply charged the surrounding air and gave him a jolt. Plaintiff was knocked back several feet in the air, landed on his right side, and broke his right hand in the fall.

Plaintiff's coworkers rushed him to the hospital, where his hand was x-rayed, revealing fractures in his fourth and fifth metacarpals. Plaintiff received morphine for the pain and a splint for his hand. When he went to Dr. G. Ruffin Benton after his release from the hospital, plaintiff received a referral to an orthopedist and was prescribed Percocet and Ibuprofen. However, because "his workers' compensation papers were not in order," he was not able to see the orthopedist.

Plaintiff filed a claim for workers' compensation benefits, which the Hollingsworth Company and its carrier, Stonewood Insurance Company (together, defendants) denied. Deputy Commissioner Kim Ledford filed an opinion and award on 6 January 2006, in which she awarded plaintiff past and future medical expenses; total disability compensation of $333.35 per week for the period of 12 July 2004 through 2 January 2005; attorneys' fees; and costs. Defendants appealed to the Full Commission, which affirmed the Deputy Commissioner's opinion with slight modifications. Defendants now appeal to this Court.

[1] Defendants first argue that because there was insufficient evidence that plaintiff's employment placed him at an increased risk of being struck by lightning, the Full Commission erred in finding and concluding that his injury arose out of and in the course of his employment. Because the Full Commission applied the incorrect standard in reaching its ultimate conclusion of law that plaintiff's injury arose out of and in the course of his employment, we reverse and remand for new findings of fact and conclusions of law.

" 'Whether an accident arose out of the employment is a mixed question of law and fact.' " *Frost v. Salter Path Fire & Rescue*, 361 N.C. 181, 184, 639 S.E.2d 429, 432 (2007) (quoting *Sandy v. Stackhouse, Inc.*, 258 N.C. 194, 197, 128 S.E.2d 218, 221 (1962)). A

determination that a worker was, or was not, at an increased risk of injury is a conclusion of law. *Dillingham v. Yeargin Construction Co.*, 320 N.C. 499, 502, 358 S.E.2d 380, 382 (1987).

"This Court's review is limited to a consideration of whether there was any competent evidence to support the Full Commission's findings of fact and whether these findings of fact support the Commission's conclusions of law." *Ard v. Owens-Illinois*, 182 N.C. App. 493, 496, 642 S.E.2d 257, 259 (2007) (quotations, citations, and emphasis omitted). Additionally, if "there is some evidence of substance which directly or by reasonable inference tends to support the findings, this Court is bound by such evidence, even though there is evidence that would have supported a finding to the contrary." *Id.* at 496, 642 S.E.2d 257, 259-60 (quotations and citations omitted). However, "[i]f the conclusions of the Commission are based upon a . . . misapprehension of the law, the case should be remanded so 'that the evidence [may] be considered in its true legal light.' " *Clark v. Wal-Mart*, 360 N.C. 41, 43, 619 S.E.2d 491, 492 (2005) (quoting *McGill v. Lumberton*, 215 N.C. 752, 754, 3 S.E.2d 324, 326 (1939)).

Defendants rely heavily on *Pope v. Goodson*, 249 N.C. 690, 107 S.E.2d 524 (1959). In *Pope*, our Supreme Court addressed the issue of when suffering a lightning strike is compensable under the Workers' Compensation statutes. Conducting a fairly thorough survey of cases from across the nation, the Court articulated the proper inquiry as follows: "Was the danger to which [the employee] was subjected one which was incident to the employment, or was it one to which other people, the public generally, in that neighborhood, were subjected?" *Id.* at 696, 107 S.E.2d at 528. Defendants, characterizing this inquiry as an "increased risk test in lightning strike cases," posit that plaintiff failed to prove, and that the Full Commission failed to find, any indication of increased risk.

The Full Commission found that plaintiff was working at a job site high on a mountain; that a thunderstorm arose; that plaintiff was organizing his equipment in order to leave the site; that plaintiff was located in an unfinished garage that had no doors; and that plaintiff received a charge or jolt from lightning. These findings are all supported by competent evidence, and are thus binding on this Court. *See Owens-Illinois*, 182 N.C. App. at 496, 642 S.E.2d at 259-60.

We agree with defendants that *Pope* sets forth the appropriate "increased risk" test to. be applied in the present case. It therefore

appears that the Full Commission did not consider the evidence " 'in its true legal light.' " *See Clark*, 360 N.C. at 43, 619 S.E.2d at 492 (quoting *McGill*, 215 N.C. at 754, 3 S.E.2d at 326). In conclusion of law 1, the Commission, quoting 1 *Arthur Larson and Lex K. Larson, Larson's Workers' Compensation Law* 5-1 (2000), stated, "One exception used to soften the increased-risk rule is the holding that if the harm, though initiated by an act of God, takes effect through contact of claimant with any part of the premises, causal connection with the employment is shown." (Quoting Defendants are correct that this is not the law in North Carolina; this Court has articulated an "increased risk" test and rejected the "positional risk" analysis adopted in many jurisdictions. *See, e.g., Rose v. City of Rocky Mount*, 180 N.C. App. 392, 401, 637 S.E.2d 251, 257 (2006) (holding that "the 'increased risk' test and not the 'positional risk' rule is the law of the State"). Moreover, the Full Commission did not cite *Pope* and did not make the findings required to support a conclusion of law that plaintiff was at an increased risk of a lighting strike as compared to members of the "public generally, in that neighborhood . . . ." *Pope*, 249 N.C. at 696, 107 S.E.2d at 528.

Whether or not the evidence supports a conclusion of law that plaintiff was at an increased risk of a lightning strike, it appears that the Full Commission reached its ultimate conclusion under a misapprehension of the law. Therefore, we reverse the Full Commission's opinion and award and remand the matter to the Full Commission to make new findings of fact and conclusions of law in accordance with the "increased risk" principles set forth in *Pope. See Clark*, 360 N.C. at 46, 619 S.E.2d at 494 (remanding a case "to the Court of Appeals for further remand to the Industrial Commission with instructions to find new facts and make new conclusions of law in accordance with the proper burden of proof").

[2] Because we reverse and remand, we need not address defendants' remaining assignments of error. However, we reject defendants' contention that the Full Commission should have forced plaintiff to produce expert witness testimony on the cause of his hand injury. Defendants are correct that "where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury." *Click v. Freight Carriers*, 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980) (citation omitted). However, we agree with the Full Commission that "[t]his is not a situation that involves com-

**HEATHERLY v. HOLLINGSWORTH CO.**

[189 N.C. App. 398 (2008)]

plex medical issues, such that expert testimony is needed to establish the cause and effect between being thrown up into the air and landing on a concrete floor and sustaining a hand fracture."

Reversed and remanded.

Judges McGEE and TYSON concur.