***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Rideout and enters the following Opinion and Award:
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. An employee/employer relationship existed between the named employee and named employer at the times in question. *Page 2 
2. The carrier liable on the risk is correctly named above.
3. The employee's average weekly wage is $674.98 per week from the wage chart.
4. The Defendants contest that the employee sustained injuries on or about May 12, 2008, and May 19, 2008, with the exact dates to be determined by the Industrial Commission.
5. The Defendants contest that the injuries arose out of and in the course of employment and are compensable.
6. Various medical records and other documents have been stipulated into evidence with the Pre-Trial Agreement.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of Plaintiff's alleged injury, he worked for Gateway Grading as a track hoe operator. Plaintiff testified that although he was hired to run a track hoe, he often did other jobs. Plaintiff has completed the ninth grade, does not have a GED, and has worked in construction grading for many years.
2. On April 14, 2008, Plaintiff presented to Dr. Myles, his primary care physician, with complaints of hip and leg pain. Dr. Myles noted that Plaintiff had suffered a previous trauma to his back and continued to experience numbness in his leg.
3. Plaintiff testified that in the middle of 2008 he was working at the River Ridge project, a residential community. It was the responsibility of Plaintiff's crew to clear the land, build roads, and prepare the lots. Plaintiff alleges that while operating a back hoe at the River Ridge job site on May 12, 2008, he suffered an injury to his back. Specifically, Plaintiff testified *Page 3 
that the majority of his work on that date involved pulling stumps out of the ground. Plaintiff alleges that due to the vibrations of the track hoe he began experiencing back pain. Plaintiff testified that the vibrations were so extreme that they broke the window out of the track hoe. Plaintiff testified that he reported this injury to his supervisor, Terry Coffey, and that he was instructed to shut the machine down.
4. Terry Coffey was Plaintiff's supervisor at the time of the alleged injury. Mr. Coffey testified that he recalled an incident in which a window fell out of a track hoe, but that he could not recall the specific date. Mr. Coffey, however, testified that Plaintiff did not report a specific accident or injury while operating a track hoe. Further, Mr. Coffey testified that the window did not break but that it simply fell out of the track hoe. Mr. Coffey testified that the reason that he instructed Plaintiff to park the track hoe was because it was dangerous to continue to operate the machine without a window. Mr. Coffey testified that Plaintiff did not report an injury on May 12, 2008.
5. The Full Commission finds that Defendants did not receive written notice of the alleged May 12, 2008, injury until March 9, 2009, when Plaintiff filed a Form 18. The Full Commission finds that Defendants did not receive actual notice of Plaintiff's claim either. Further, Plaintiff did not present any evidence to demonstrate that Defendants were not prejudiced by the lack of written notice regarding this alleged May 12, 2008, injury.
6. Plaintiff returned to Dr. Myles on May 5, 2008, with complaints of pain in both legs. According to Plaintiff's interrogatory responses, he experienced an onset of severe back pain on May 4, 2008. At the May 5, 2008, medical appointment with Dr. Myles, Plaintiff was referred to Dr. Ralph Maxy, for an orthopedic evaluation. After evaluating Plaintiff on May 5, 2008, Dr. Myles diagnosed Plaintiff with lumbar back pain with lumbar disc pathology. *Page 4 
7. On Monday, May 19, 2008, Plaintiff was using an approximately 12-25 pound chainsaw trimming downed trees. As he was bent over using the chainsaw, Plaintiff experienced excruciating pain and went to his knees. Co-worker Jason Woody testified he assisted Plaintiff in walking to the road when he observed Plaintiff bent over and having difficulty walking. Supervisor Terry Coffey drove by and was informed of what had happened. The job log for May 19, 2008, shows Plaintiff went home complaining of his back hurting. On the same or next day, Plaintiff discussed his injury with one of the owners, Frazier Stallings.
8. The Full Commission finds that Defendant-Employer had actual notice of Plaintiff's claim on May 19 or May 20, 2008, as Terry Coffey and Frazier Stallings were informed of Plaintiff's injury.
9. Plaintiff's injuries were reported to Defendant's carrier. The adjuster took a May 21, 2008, recorded statement from Plaintiff. Defendants filed a May 30, 2008, Form 61 denial of the May 19, 2008, injury claim.
10. The Full Commission finds that Defendants did not receive written notice of the May 19, 2008, incident until June 23, 2008, when Plaintiff filed a Form 33. However, Plaintiff has demonstrated that Defendants were not prejudiced by the lack of written notice. Defendants were able to contact their carrier, investigate the claim, take statements, and develop enough evidence to base a denial, all within 11 days of the incident.
11. Plaintiff saw Dr. Ralph Maxy, a board certified orthopedic surgeon, on May 23, 2008. During his deposition, Dr. Maxy compared the findings of Dr. Myles' May 5, 2008, note with his note of May 23, 2008. According to Dr. Maxy, while Plaintiff did have some similar symptoms on May 5, 2008, Plaintiff's concern on that date was trouble sleeping because of pain. *Page 5 
Dr. Maxy stated that on May 23, 2008, Plaintiff was in moderate distress and looked like he was in pain and his primary complaint was severe pain.
12. At the time of his May 19, 2008, injury, Plaintiff's pain became very severe to about 10/10 scale as estimated by Plaintiff. At the May 23, 2008, visit, Dr. Maxy recorded that Plaintiff walked very slowly because of pain and had significantly limited range of motion with 45 flexion and 10 extension.
13. A June 2, 2008, MRI revealed a new disc tear at L3/4. However, a March 2009 discogram indicated the pain was generating at the L4/5 level.
14. Plaintiff tried various conservative treatments, including physical therapy and back injections, at Catawba Valley Medical Center under the care of Dr. Chimiak. Plaintiff had no insurance and was treated as a charity patient.
15. On August 6, 2009, Dr. Maxy performed posterior L4/5 fusion surgery with rods and screws. Surgery was provided by N.C. Vocational Rehabilitation. Surgery improved Plaintiff's condition, but he is continuing to require pain management with Dr. Mark Tiffany, at Dr. Maxy's medical practice.
16. To a high degree of confidence, Dr. Maxy opined the May 19, 2008, injury was a substantial causative factor in Plaintiff's lumbar radiculopathy and discogenic pain at L4/5 which required surgery.
17. Plaintiff began treatment for depression with Catawba Valley Behavioral Health beginning December 31, 2008, and with P.A. Jerry Heath at that facility beginning January 27, 2009, and continuing. P.A. Heath is 100% confident that the injury/injuries at work were substantial causative factors of Plaintiff's major depressive disorder. *Page 6 
18. As a result of the injuries, Plaintiff has been on no work status beginning May 23, 2008, and continuing, except for the period from March 17, 2009, until August 6, 2009, when Plaintiff should have been on light physical demand restrictions.
19. Plaintiff conducted a job search and found employment on the third shift at Wal-Mart for a couple of months in 2008. Plaintiff's 2008 W-2 indicates he earned a total gross pay of $2,448.50 from Wal-Mart. He was unable to continue that job because of increased pain from walking, and co-workers had to do parts of his work that he could not do.
20. Plaintiff was not at maximum medical improvement at the time of the hearing before the Deputy Commissioner.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Regardless of whether Plaintiff suffered an injury by accident on May 12, 2008, Plaintiff failed to give Defendants written notice within thirty (30) days of the alleged May 12, 2008, injury and Plaintiff did not present sufficient evidence to demonstrate that Defendants had actual notice of the claim, or that Defendants were not prejudiced by this lack of written notice. The claim for the May 12, 2008, injury is therefore barred pursuant to N.C. Gen. Stat. § 97-22.
2. In order to establish a compensable injury to the back, Plaintiff must prove that the disabling back injury arose out of and in the course of the employment and was the direct result of either an accident or a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6); Richards v. Town of Valdese,92 N.C. App. 222, 224, 374 S.E.2d 116, 118 (1988), disc. reviewdenied, 324 N.C. 337, 378 S.E.2d 799 (1989). Under the specific traumatic incident theory, *Page 7 
Plaintiff is not required to prove that the injury arose from an unusual occurrence or departure from ordinary duties. Fish v.Steelcase, Inc.,116 N.C. App. 703, 707, 449 S.E.2d 233, 237 (1994), cert.denied, 339 N.C. 737, 454 S.E.2d 650 (1995). On May 19, 2008, Plaintiff sustained a specific traumatic incident arising out of and in the course of employment with Defendant-Employer while bending over using a chain saw that weighed between twelve (12) and twenty-five (25) pounds.
3. Furthermore, our courts have held that an injury is compensable if it is caused by a specific traumatic incident of the work assigned, and the incident materially accelerates or aggravates a pre-existing condition, and proximately contributes to disability. N.C. Gen. Stat. § 97-2(6); Moore v. FederalExpress, 162 N.C.App. 292, 590 S.E.2d 461 (2004).
4. Defendants did not receive written notice of the May 19, 2008, incident until June 23, 2008, when Plaintiff filed a Form 33. Plaintiff has demonstrated that Defendants were not prejudiced by the lack of written notice. Defendants had actual notice of Plaintiff's claim on the date of the incident or the day after, and Defendants failed to meet their burden that they were prejudiced by Plaintiff's failure to provide written notice within thirty (30) days. N.C. Gen. Stat. § 97-22; Gregory v. W.A.Brown Sons, 363 N.C. 750, 688 S.E.2d 431 (2010);Richardson v. Maxim Healthcare/Allegis Group,362 N.C. 657, 669 S.E.2d 582 (2008), reh'g denied,363 N.C. 260, 676 S.E.2d 472 (2009); Sanders v. Broyhill FurnitureIndustries, 131 N.C.App. 383, 507 S.E.2d 568 (1998).
5. As a result of the injury on May 19, 2008, Plaintiff was disabled and is entitled to temporary total disability compensation beginning May 20, 2008, and continuing until further Order of the Commission, subject to an offset of $2,448.50 for wages received by Plaintiff at Wal-Mart. N.C. Gen. Stat. § 97-29. *Page 8 
6. Subject to the provisions of N.C. Gen. Stat. § 97-25.1, Plaintiff is entitled to have Defendants provide all medical treatment, incurred or to be incurred, necessitated by the May 19, 2008, compensable back injury when bills for the same have been approved pursuant to Industrial Commission Procedures. N.C. Gen. Stat. §§ 97-2(19); 97-25; 97-25.1.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD
1. Subject to the attorney's fee approved below, Defendants shall pay Plaintiff temporary total disability compensation at the rate of $450.00 per week, beginning May 20, 2008, and continuing until further order of the Commission, but subject to an offset in the amount of $2,448.50.
2. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded to Plaintiff in paragraph one (1) above, is hereby approved to be deducted from the lump sums accrued and thereafter, every fourth (4th) payment due Plaintiff shall be paid directly to Plaintiff's attorney.
3. Defendants shall pay all medical expenses incurred or to be incurred by Plaintiff as a result of the compensable injuries for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, or may tend to lessen the employee's period of disability, when bills for same have been submitted and approved by the Industrial Commission. This shall include past and continuing treatment by Dr. Ralph Maxy and Dr. Mark Tiffany at Carolina Orthopaedic Specialists, Dr. Chimiak at Catawba Valley Medical Center, and P.A. Jerry Heath at Catawba Valley Behavioral Health. *Page 9 
4. Defendants shall pay the costs.
This the 9th day of November, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_____________ PAMELA T. YOUNG CHAIR *Page 1